CRAIG K. PERRY, Esq.
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
6210 N. Jones Blvd., #753907
Las Vegas, NV 89136
Telephone (702) 228-4777
Fax: (702) 943-7520
cperry@craigperry.com

Yeremey O. Krivoshey (SBN 295032)
SMITH KRIVOSHEY, PC
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com
*Pro Hac Vice* forthcoming

Aleksandr "Sasha" Litvinov (SBN 95598)
SMITH KRIVOSHEY, PC
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: (888) 410-0415
E-Mail: sasha@skclassactions.com
*Pro Hac Vice* forthcoming

*Attorneys for Plaintiff*
*ERIN ROBERTSON*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ERIN ROBERTSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION, a Delaware corporation.<br>Defendant. | Case No.<br><br>**COMPLAINT – CLASS ACTION**<br><br>**DEMAND FOR A JURY TRIAL** |

## DECLARATORY AND PERMANENT INJUNCTIVE RELIEF
## AND DAMAGES REQUESTED

Plaintiff, ERIN ROBERTSON ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant, AMERICAN HOME SHIELD CORPORATION ("Defendant") pursuant to the private right of action provision in the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(c)(5). On personal knowledge, investigation of counsel, and on information and belief, Plaintiff alleges as follows:

### NATURE OF ACTION

1. In April and May 2024 Defendant sent multiple telemarketing text messages to Plaintiff's personal cellular telephone for the purpose of selling its products to Plaintiff. Defendant sent such text messages despite Plaintiff having registered her telephone number on the national do-not-call registry a year prior in 2023, and without Plaintiff's prior express written consent.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to Defendant's conduct in negligently, knowingly, and/or willfully initiating more than one telemarketing telephone call/text message within a 12-month period to Plaintiff and class members on their residential telephone lines which have been registered on the national do-not-call registry, without prior express consent in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

### PARTIES

3. Plaintiff is an individual residing in Reno, Washoe County, Nevada.

4. Defendant is a for-profit corporation organized under the laws of Delaware with a principal place of business located at 3400 Players Club Parkway, Suite 300, Memphis, Tennessee 38125.

### JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq*.

6. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the Nevada marketplace by directing its telemarketing messages and

calls to Nevada and to Plaintiff's cellular telephone, which is located in Nevada where Plaintiff resides.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls and texts that are the subject of this lawsuit were made to Plaintiff while she was a resident of and present in this District.

## TCPA BACKGROUND

8.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### A.      The National Do-Not-Call Registry

9.      47 U.S.C. § 227(c) of the TCPA requires the Federal Communications Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10.      The national do-not-call registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.      The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the national do-not-call registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

13.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—

providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

## **FACTUAL ALLEGATIONS**

14. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Defendant is a for-profit corporation and one of the nation's largest providers of home warranty plans and products. Defendant administers its home warranty contracts and maintains a network of independent contractor firms and technicians to serve more than 2 million customers across every state.

16. At no point has Plaintiff sought out or solicited information regarding Defendant's products or services prior to receiving the telemarketing text messages at issue.

17. Plaintiff has never consented in writing, or otherwise, to receive telemarketing calls or text messages from Defendant. Plaintiff has never provided Defendant with her telephone number.

18. Plaintiff's cellular telephone number, 775-XXX-4337, is a residential telephone line.

19. Plaintiff registered this telephone number on the national do-not-call registry in 2023.

20. Despite this, Plaintiff received ten (10) telemarketing text messages from Defendant between April 30, 2024 and May 5, 2024 from telephone number 916-702-8215. *See* Ex. A.

21. The text messages marketed Defendant's home warranty products and also included promotional offers for new customers such as $100 off a warranty plan.

22. Plaintiff alleges direct liability because Defendant was the entity that sent the text messages to Plaintiff.

23. In pre-litigation communications with Defendant, Defendant disclosed it purportedly obtained Plaintiff's phone number from a "lead" submission from the following website: www.ahsquotes.com.

24.     To be clear, Plaintiff never visited that website, and did not provide her phone number or consent in any manner to Defendant through that website or otherwise. The "lead" information Defendant produced contains a third-party name for a person that Plaintiff does not know and has no association with, and concerns a property in Keller, Virgnia with the zip code 23401, where Plaintiff does not and has never resided and has no association with.

25.     Moreover, any putative "consent" Defendant may have obtained for other putative class members from the website www.ahsquotes.com is not valid prior express written consent under the TCPA.

26.     Defendant also obtains consent through two additional web forms which may be accessed at www.shopping.ahs.com/plans and www.ahs.com.

27.     A screen-capture of the web form as it appears on www.ahsquotes.com follows:



///
///
///
///
///

5

28.  A vastly zoomed in version of the web form is depicted below:

## Let's get you your free quote

First name | Last name

Address

ZIP code

Phone number

Email

You are requesting information from AHS regarding our products and services. By clicking the button below, you consent to receive email at the email address you provided, as well as prerecorded messages, auto-dialed phone calls and text messages at the phone number you provided. You understand that your consent is not a condition of purchase. View privacy policy.

**GET A FREE QUOTE**

///
///
///
///
///
///
///
///
///

29.     A screen-capture of the web form as it appears on www.shopping.ahs.com/plans follows:



///
///
///
///
///
///
///
///
///
///
///

30.    A vastly zoomed in version of the web form is depicted below:



///
///
///
///
///
///
///
///
///

8

1

31.     A screen-capture of the web form as it appears on www.ahs.com follows:



2
3
4
5
6
7
8
9
10
11
12
13
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

32.    Once a user enters his or her zip code on www.ahs.com and clicks on, "Shop Warranties," the following web form appears:



33.    All three versions of Defendant's web form fail to provide requisite disclosures in a clear and conspicuous manner, do not put consumers on inquiry notice, and do not require consumers to unambiguously consent to receive telemarketing calls. The consent language is not prominently displayed and easily understandable to the consumer. Defendant employs small font and a color scheme that are intentionally designed so that consumers never notice or read the text. For example, on www.ahsquotes.com, the disclosures are provided in dark blue against a slightly lighter blue background and are difficult to read or notice. For the web forms on www.shopping.ahs.com/plans and www.ahs.com, the text appears *below* the "Get Started" and "Shop Plans" buttons that the consumer needs to click or press to purportedly consent to the language, and, further, the consumer would have no reason to keep scrolling past the buttons to ever see the text in the first place. Further, Defendant's disclosures do not contain the word,

"marketing" or "solicitation" anywhere and there is no indication the consumer is about to consent to a barrage of telemarketing calls and text messages.

34.     All three versions of Defendant's web form do not require users to check a separate box or utilize another opt-in mechanism specifically indicating an affirmative choice to provide consent to telemarketing calls and text messages.

35.     All three versions of Defendant's web form fail to disclose the consumer's right to revoke consent at any time, and they lack instructions for how to revoke such consent and opt out of telemarketing calls and text messages. Without such disclosures, the text is not valid consent under the TCPA and the E-SIGN Act as a matter of law. *Mantha v. Quotewizard.com, LLC*, 2021 WL 6061919, at *8-9 (D. Mass. Dec. 13, 2021) ("[T]o be TCPA compliant, a consumer's consent to receive solicitations from a seller must comply with the E-SIGN Act … Accordingly, even assuming plaintiff had visited the website, no reasonable jury would … be able to find plaintiff's consent valid where the disclosure on the consent form did not contain those required under 15 U.S.C. § 7001(c) and 47 C.F.R. § 64.1200(f)(9)."); *Bradley v. DentalPlans.com*, 2024 WL 2865075, at *9 (D. Md. June 6, 2024) (finding that the "consumer disclosure" section of the E-SIGN Act applies to telemarketing claims under the TCPA).

36.     All three versions of Defendant's web form fail to be contextually relevant, and are intentionally misleading. The web forms and adjacent marketing language suggest to a user that he or she is simply requesting a free quote for a home warranty plan *online*.

37.     For www.ahsquotes.com, Consumers are given seemingly two options. They can click the "GET A FREE QUOTE" button, or they can dial the number in large, bold, prominent text above the web form (i.e., "Give us a call 1-855-632-0306"). Getting a quote online and getting a quote via phone are presented as alternatives. A reasonable consumer under the circumstances would not believe that clicking "GET A FREE QUOTE" would lead to telemarketing texts and calls and not a quote online. If a consumer wanted to have a call to receive a quote, he or she would have chosen the other clear option.

38.     Similarly, for www.shopping.ahs.com/plans and www.ahs.com, the buttons are labeled, "Shop Plans" and "Shop Warranties," which a consumer expects to do online.

39.     Defendant's websites do not provide an option for a consumer to simply obtain a quote without purportedly "consenting" to telemarketing.

40.     For the above reasons, any putative class member who visited Defendant's website and requested an instant quote via Defendant's web form did not provide valid consent to Defendant's subsequent telemarketing calls and text messages.

41.     Plaintiff and all members of the class defined below have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines, used up their time, and prevented them from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

42.     As authorized by Fed. R. Civ. P. 23(b)(2) or (b)(3), Plaintiff bring this action on behalf of a national class of all other persons or entities similarly situated throughout the United States.

43.     Plaintiff proposes the following "National Do-Not-Call Registry Class" definition, subject to amendment as appropriate:

> **National Do-Not-Call Registry Class**: All persons in the United States whose numbers are listed on the national do-not-call registry, and who received two or more telemarketing calls or text messages within any 12-month period from Defendant or its agent to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

44.     Plaintiff represents, and is a member of, the National Do-Not-Call Registry Class. Excluded from the proposed class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any person who made a transaction with Defendant in the preceding 18 months before receiving a telemarketing call or text message, any person who has executed a valid signed, written agreement between the person and Defendant which states that the person agrees to be contacted by Defendant and includes the telephone

number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

45.    **Numerosity.** The potential members of the proposed class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls and text messages. Individual joinder of these persons is impracticable.

46.    **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed class have been harmed by the acts of Defendant, including, but not limited to, multiple involuntary telephone and electrical charges, the invasion of their privacy, aggravation, annoyance, waste of time, the intrusion on their telephone that occupied it from receiving legitimate communications, and violations of their statutory rights.

47.    The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

48.    The proposed class , as defined above, is identifiable through telephone records and telephone number databases.

49.    There are well defined and nearly identical questions of law and fact common to Plaintiff and members of the proposed class. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendant systematically made multiple telephone calls and text messages to members of the proposed class;

    b. whether Defendant made calls and text messages to Plaintiff and members of the proposed class without first obtaining prior express written consent to make the calls/texts; and

    c. whether members of the proposed class are entitled to treble damages and/or punitive damages based on the willfulness of Defendant's conduct.

50.    **Typicality.** Plaintiff's claims are typical of the claims of the proposed class members because they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories. Specifically, the proposed class members are

persons who received telemarketing calls and text messages on their telephones without their prior express written consent. Plaintiff is a member of the proposed class and will fairly and adequately represent and protect the interests of the proposed class as he has no interests that conflict with any of the proposed class members.

51.     **Adequacy of Representation.** Plaintiff is an adequate representative of the proposed class because her interests do not conflict with the interests of the proposed class, she will fairly and adequately protect the interests of the proposed class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52.     **Superiority.** Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendant.

53.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the proposed class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

54.     Defendant acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges Defendant's telephone solicitation calls that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

///

///

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**

**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**

**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

55.     Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-50 and incorporates them by reference herein.

56.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by making telemarketing calls and/or text messages, except for emergency purposes, to Plaintiff and members of the National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

57.     Defendant's violations were willful or knowing.

58.     As a result of Defendant's violations, Plaintiff and members of the National Do-Not-Call Registry Class are entitled to treble damages of up to $1,500 for each call and text message made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

59.     Plaintiff and the members of the National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls and text messages to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

60.     Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**Telephone Consumer Protection Act**

**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**

**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

61.     Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-50 and incorporates them by reference herein.

62.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by making telemarketing calls and/or text messages, except for emergency purposes, to Plaintiff and members of the National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

63.     As a result of Defendant's violations, Plaintiff and members of the National Do-Not-Call Registry Class are entitled to an award of $500 in statutory damages for each call and text message made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

64.     Plaintiff and the members of the National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls and text messages to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

65.     Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A.     Certification of the proposed class;

B.     Appointment of Plaintiff as representative of the class;

C.     Appointment of the undersigned counsel as counsel for the class;

D.     A declaration that Defendant's actions complained of herein violated the TCPA;

E.     An order enjoining Defendant from making telemarketing calls and text messages to numbers on the national do-not-call registry, absent an emergency circumstance;

F.     An award to Plaintiff and the Classes of damages, as allowed by law;

G.     An award of attorneys fees, expenses, and costs; and

H.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

DATED: this 26th day of August, 2024.            CRAIG K. PERRY & ASSOCIATES


 /s/ Craig K. Perry
CRAIG K. PERRY, Esq.
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
6210 N. Jones Blvd., #753907
Las Vegas, NV 89136
Telephone (702) 228-4777
Fax: (702) 943-7520
cperry@craigperry.com

Yeremey O. Krivoshey (SBN 295032)
SMITH KRIVOSHEY, PC
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com
*Pro Hac Vice forthcoming*

Aleksandr "Sasha" Litvinov (SBN 95598)
SMITH KRIVOSHEY, PC
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: (888) 410-0415
E-Mail: sasha@skclassactions.com
*Pro Hac Vice forthcoming*

*Attorneys for Plaintiff*
*ERIN ROBERTSON*

# EXHIBIT A

EXHIBIT A

2:06

(916) 702-8215

Tuesday, Apr 30 • 10:30 AM

Hey Igbinosa. American Home Shield here with an offer to brighten your day. Is now a good time for a call? You can end the conversation at any time by replying "Remove".

Let me know when you are ready to find out more about American Home Shield.

Tuesday, Apr 30 • 1:00 PM

Are you still intere____d in learning more about American Home

Text message

2:06

(916) 702-8215

Tuesday, Apr 30 • 1:00 PM

Are you still interested in learning more about American Home Shield?

Wednesday, May 1 • 6:01 AM

Hey! It's Alex from American Home Shield. You filled out an online form requesting more info and said that we could text you. Is it still ok to contact you here? Text "YES" to be connected to an agent now. Text "END" to Opt-Out.
To learn more, call 844-604-1900.

Text message

2:06

(916) 702-8215

an agent now. Text "END" to
Opt-Out.
To learn more, call
844-604-1900.

Thursday, May 2 • 12:06 PM

Interested in American Home
Shield? Join now and get $100
off the plan of your choice! Reply
"YES" to speak with one of our
agents now!

Friday, May 3 • 1:16 PM

Have confidence knowing
American Home Shield helps
keep the items in your home
protected. Resp___ YES" to
receive $100 off your new plan

Text message

← (916) 702-8215

agents now!

Friday, May 3 • 1:16 PM

Have confidence knowing American Home Shield helps keep the items in your home protected. Respond "YES" to receive $100 off your new plan. To learn more, call 844-604-1900.

Saturday, May 4 • 1:34 PM

Hi, it's American Home Shield. Thanks for signing up to receive texts from us! We want to help you save $100 o___ of our plans. Let's talk n___ to complete

Text message

2:07

(916) 702-8215

844-604-1900.

Saturday, May 4 • 1:34 PM

Hi, it's American Home Shield. Thanks for signing up to receive texts from us! We want to help you save $100 on one of our plans. Let's talk now to complete your purchase and get $100 OFF. Text "YES" to connect to an agent now. Text "END" to Opt-Out.

Sunday, May 5 • 6:01 AM

Rather than panicking when you discover a cover... roblem with your refrigerator, ... can simply

Text message

   

← **(916) 702-8215** 📹 📞 ⋮

Sunday, May 5 • 6:01 AM

Rather than panicking when you discover a covered problem with your refrigerator, you can simply call American Home Shield. Refrigerators are covered in our ShieldGold and ShieldPlatinum plans, along with other key systems and appliances. Don't forget to call 844-604-1900 or text "YES" now to save $100 on a plan today!

To learn more, call 844-604-1900.

 Text message   

← (916) 702-8215

Sunday, May 5 • 8:16 AM

Remove my number from this list. I am not interested in your product

I understand. Here at AHS, we are offering discounts on our plans if you sign up soon. If you want to find out your options, I can transfer you to our team now. Are interested in speaking with one of our experts?

No

No worries...if you change your mind and would like to learn

Text message

(916) 702-8215

product

I understand. Here at AHS, we are offering discounts on our plans if you sign up soon. If you want to find out your options, I can transfer you to our team now. Are interested in speaking with one of our experts?

No

No worries...if you change your mind and would like to learn more about how to protect yourself and your home we'd be happy to assist. You can call us anytime at 888.682.1043.

8:17 AM

Text message